IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARY FARMER                             *
                                        *
v.                                      *
                                        *   Civil No. JKS 09-907
MICHAEL J. ASTRUE                       *
Commissioner of Social Security         *
                                        *

## MEMORANDUM OPINION

Plaintiff Mary Farmer (Farmer) brought this action pursuant to 42 U.S.C. § 405(g), for review of a final decision of the Commissioner of Social Security (Astrue) denying her claim for disability insurance benefits (DIB) under Title II of the Social Security Act (Act), 42 U.S.C. §§ 401-433. The parties consented to referral to a United States Magistrate Judge for all proceedings and final disposition. Farmer's and Astrue's motions for summary judgment are ready for resolution and no hearing is deemed necessary. *See* Local Rule 105.6. For the reasons set forth below, Farmer's motion for summary judgment will be denied, and Astrue's motion for summary judgment will be granted.

**1. Background.**

Farmer filed an application for DIB on August 18, 2004, alleging an onset of disability on January 1, 2003. (R. 151). Following denial of her claims initially and on reconsideration, an Administrative Law Judge (ALJ) held an initial hearing on March 13, 2006, and supplemental hearings after remands from the Appeals Council on May 21, 2007, and June 13, 2008. On August 27, 2008, the ALJ found that Farmer was not disabled within the meaning of the Act. (R. 14-31). The Appeals Council denied her request for review, rendering the ALJ's determination the final decision of the Commissioner of Social Security.

**2. ALJ's Decision.**

The ALJ evaluated Farmer's DIB claim using the five-step sequential process set forth in 20 C.F.R. §§ 404.1520. First, the ALJ determined that Farmer has not engaged in substantial gainful activity since her alleged onset date. (R. 16). At step two, the ALJ concluded that Farmer has severe back and organic mental disorders. (R.16). At step three the ALJ determined that Farmer's impairments did not meet or medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R.17). Evaluating Farmer's residual functional capacity (RFC) at step four, the ALJ found that she has the ability to perform a limited range of work at the light and sedentary exertion levels and is unable to perform any of her past relevant work. (R. 19, 27). At step five, the ALJ found, based on vocational expert (VE) testimony, that jobs exist in significant numbers in the national economy that Farmer can perform. (R. 28-30). As a result, the ALJ determined that Farmer was not disabled within the meaning of the Act. (R. 30).

**3. Standard of Review.**

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co, v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays v. Sullivan*, 907 F.2d 1453, 1456

(4th Cir. 1990). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id.*

**4. Discussion.**

Farmer raises three issues in her appeal. First, she claims that the ALJ did not properly assess her RFC; second, she claims that the ALJ erroneously relied on the VE's testimony, and third, she claims that the ALJ erroneously found that she could perform her past relevant work.

   A. The ALJ Properly Assessed Brown's RFC.

Farmer alleges that the ALJ failed to set forth a narrative discussion citing medical facts to support his RFC assessment. RFC is the most work an individual can do, despite her limitations, for 8 hours a day, 5 days a week. 20 C.F.R. §§ 404.1545(a)(1); SSR 96-8p, 1996 WL 374184, at *2. The ALJ must make the RFC determination at step four of the sequential evaluation process after considering all of the relevant medical and non-medical evidence. 20 C.F.R. §§ 416.920(e). The regulations provide the following guidelines for how an ALJ should determine a claimant's RFC:

> When we assess your physical abilities, we first assess the nature and extent of your physical limitations and then determine your residual functional capacity for work activity on a regular and continuing basis. A limited ability to perform certain physical demands of work activity, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping or crouching), may reduce your ability to do past work and other work.

20 C.F.R. §§ 404.1545(b). The RFC determination must include a function-by-function assessment based upon the claimant's functional limitations and ability to do work-related activities, and must be based on all of the relevant evidence in the record. SSR 96-8p at *3. The ALJ must address both the exertional and nonexertional capacities of the individual. SSR 96-8p at *5-6. The evaluation must also include a narrative discussion describing how medical facts

3

and non-medical evidence support the ALJ's conclusion. *Fleming v. Barnhart*, 284 F. Supp. 2d 256, 271 (D. Md. 2003); SSR 96-8p at *7.

In assessing Farmer's RFC, the ALJ discussed in narrative form the medical evaluations and reports of Drs. Howell, Kahn, Johnston, Paris, and Hales, as well as Farmer's work history, treatments, hearing testimony, and prior reports of her ability to perform activities of daily living. The ALJ also assessed Farmer's credibility prior to determining her RFC. (R. 20-26). The ALJ's discussion fully and logically explains the evidence and how it supports the ALJ's determination that Farmer can perform light and sedentary work with limitations. The ALJ's function-by-function assessment and narrative discussion were proper, and the determination of Farmer's RFC is supported by sufficient evidence.

Farmer contends that the ALJ failed to evaluate Dr. Hales' determinations and Dr. Paris' findings that she had significant deficits in general knowledge, vocabulary, verbal concept formation, spatial visualization, and memory, and a diagnosis of dysthymia. However, the ALJ considered both Dr. Hales' and Dr. Paris' evaluations, noting that Dr. Paris found Farmer to have significant IQ limitations, incorporating previous discussions of Dr. Paris' findings, and using Dr. Paris' findings as a basis for giving significant weight to Dr. Hales' opinion that Farmer had moderate restrictions in activities of daily living and maintaining concentration, persistence, or pace, and mild difficulties in maintaining social functioning and in her ability to accept instructions and respond appropriately to supervisors. (R. 18, 25-26; *see* R. 295-301). The allegation that the ALJ failed to evaluate these opinions in determining Farmer's RFC thus fails.

Finally, the fact that Farmer is moderately limited in her ability to accept instructions and appropriately respond to supervisors is not inconsistent with the finding that she can perform the

jobs identified by the VE, all of which are unskilled and were identified in response to a hypothetical that included a moderate limitation on the ability to accept instructions. (R. 449).

    B. The Hypothetical Worker Presented to the VE Had Farmer's Limitations.

Farmer contends that the hypothetical question presented to the VE failed to include her moderate limitations in performing activities within a schedule, maintaining regular attendance and being punctual, completing a normal workday or week without interruption or an unreasonable number and length of rest periods, and accepting instructions. However, all of these limitations were in the hypothetical question which resulted in the testimony that such a person could perform the jobs which the ALJ found that Farmer could perform. (R. 447-49).

    C. The ALJ Found that Farmer could not Perform her Past Relevant Work.

The claim that the ALJ found that Farmer could perform her past relevant work is incorrect. While the ALJ noted that evidence suggested that she could perform her past work, he found, for purposes of the decision, that she could not perform her past relevant work. (R. 27). The finding that Farmer is not disabled was made in light of the finding that she could not perform her past relevant work.

**5. Conclusion.**

For the foregoing reasons, Farmer's motion for summary judgment will be denied, and Astrue's motion for summary judgment will be granted. A separate Order will be entered.

Date: October 27, 2010                                      /S/
                                                                  JILLYN K. SCHULZE
                                                     United States Magistrate Judge